UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Jovan McRant, | ) C/A No. 6:17-1829-JMC-KFM |
|---|---|
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Deangelo Ford, Sgt. Will, Sgt. Michael Lang, Jermaine Christian, | ) |
| Defendants. | ) |

In this prisoner civil rights action, on August 23, 2017, this court authorized service of process upon the defendants, including Sgt. Will (doc. 11). On October 17, 2017, the summons was returned unexecuted with respect to Sgt. Will (doc. 17). That same day the plaintiff was ordered to provide an updated address or complete name description for Sgt. Will and was told that if he failed to provide the requested information that the undersigned may recommend dismissal of Sgt. Will for failure to prosecute and failure to comply with an order of the court (doc. 11 at 1–2). The plaintiff did not respond to the order and the time for response has lapsed.

Based on the foregoing, it appears the plaintiff no longer wishes to pursue this action against Sgt. Will. "The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)).

In *Davis v. Williams,* the Fourth Circuit Court of Appeals, recognizing that dismissal with prejudice is a harsh sanction that should not be invoked lightly, set forth four factors for determining whether Rule 41(b) dismissal is appropriate:

(1) the degree of personal responsibility on the part of the plaintiff;

(2) the amount of prejudice to the defendant caused by the delay;

(3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and

(4) the effectiveness of sanctions less drastic than dismissal.

588 F.2d 69, 70 (4th Cir. 1978) (citing *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)). Subsequently, however, the Fourth Circuit noted that "the four factors . . . are not a rigid four-pronged test," and whether to dismiss depends on the particular circumstances of the case. *Ballard*, 882 F.2d at 95. For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . . In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse." *Id.* at 95–96.

Because the plaintiff is proceeding *pro se*, he is personally responsible for his failure to provide the service documents for Sgt. Will. The plaintiff has had more than one month to comply with this court's order, but has failed to do so. Because the plaintiff has already ignored this court's orders and deadlines, sanctions less drastic than dismissal of the unserved defendants would not be effective.

Wherefore, based upon the foregoing, the court recommends the case be DISMISSED with respect to Sgt. Will pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO RECOMMENDED.

s/ Kevin F. McDonald
United States Magistrate Judge

November 21, 2017
Greenville, South Carolina

2

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).