IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Jovan McRant, | ) | Case No. 6:17-cv-01829-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Deangelo Ford, Sgt. Will, Sgt. Michael Lang, Jermaine Christian, Devin Williams, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

This matter is before the Court on Defendants' Motion for Summary Judgment. ECF No. 64. Plaintiff filed a Response in Opposition and additional attachments.[1] ECF Nos. 71, 79. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On July 16, 2018, the Magistrate Judge issued a Report recommending that this action be stayed pending the conclusion of state court proceedings. ECF No. 75. Defendants filed objections to the Report; Plaintiff filed a Reply and a Motion for Contempt. ECF Nos. 80, 82, 83.

---

[1] The Court notes that the additional attachments to Plaintiff's Response in Opposition were filed after the Magistrate Judge's Report and Recommendation. The Court has reviewed the additional attachments in its evaluation of this case.

## LEGAL STANDARD

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

The Magistrate Judge has provided a thorough recitation of the facts, which the Court will briefly summarize. Plaintiff, a state prisoner proceeding pro se, alleges that, while housed at Ridgeland Correctional Institution, Defendant Officer Jermaine Christian allowed other inmates to attack Plaintiff and then maced him. ECF No. 1. He contends that another inmate attacked Defendant Christian, who blamed the attack on Plaintiff, and proceeded to beat Plaintiff while he was handcuffed. Plaintiff asserts that he was led to a cell and Defendant Devin Williams watched as he beaten by Defendants Sgt. Michael Lang and Lieutenant Deangelo Ford. He contends that he suffered injuries which

required stitches; the next day he was moved to another correctional institution where he was housed without access to the grievance kiosk system.

As explained in detail by the Magistrate Judge, the evidence produced by Defendants provides a very different version of events. The evidence presented by Defendants demonstrates that when Defendant Christian opened Plaintiff's cell door, Plaintiff began pushing him and failed to respond to commands to stop. Plaintiff began fighting Defendant Christian which prompted him to deploy mace. Plaintiff then used two shanks to stab Defendant Christian multiple times; Defendant Christian was airlifted to a hospital for medical treatment. Plaintiff was seen by a nurse who noted that he had a slight abrasion on his cheek that did not require stitches. With respect to Plaintiff's claims for inadequate medical care, Defendants provided Plaintiff's medical records showing that he received treatment for this event and other unrelated complaints in the following months.

Plaintiff was arrested and indicted for the attempted murder of Defendant Christian. This case remains pending. *See* https://publicindex.sccourts.org/Jasper/PublicIndex/ PISearch.aspx, Case #2017A2720200030 (last visited October 5, 2018). As explained by the Magistrate Judge, in cases seeking injunctive relief, federal courts are typically not authorized to interfere with a state's pending criminal proceeding and should therefore abstain from doing so. *Younger v. Harris*, 401 U.S. 37, 44 (1971). The United States Supreme Court has not directly addressed whether *Younger* abstention applies to § 1983 claims for monetary damages. In *Deakins v. Monaghan*, 484 U.S. 193 (1988), the Supreme Court held that, because the state proceedings could not have awarded

damages, the district court erred in dismissing the plaintiffs' claim for monetary relief; however, the Supreme Court explained that the federal court should have stayed, not dismissed, the federal litigation. *Id*. at 202, 204. The Court finds that this approach is appropriate here, as Plaintiff is facing state criminal charges in which monetary damages cannot be awarded. Moreover, evidentiary matters will be dealt with during the course of the state criminal proceedings that may have an impact on this case.

Defendants' Objections and Plaintiff's Reply focus on Plaintiff's Response in Opposition to the Motion for Summary Judgment in which he contends that Defendant Christian and his counsel should be held in contempt for lying to the Court. ECF Nos. 80, 82; *see also* ECF No. 71. While these filings do not focus on the substance of the Report, the Court has conducted a de novo review of the filings and agrees with the Magistrate Judge's recommendation.

After the Magistrate Judge filed the Report, Plaintiff filed a Motion for Contempt alleging that Defendants' counsel lied to the Court because counsel knew that Defendant Christian had been terminated from his position. ECF No. 83. He provides the returned Form USM-285 where the Deputy United States Marshal was not able to serve Defendant Christian at Ridgeland Correctional Institution; in the comments section, the Deputy Marshal noted "cannot accept-terminated." ECF No. 83-1. While not intended to be responsive to this Motion, the Court finds that this issue is resolved by Defendants' Objections to the Report. Defendants provide a letter from Kathy Epting, Employee Records Supervisor for the South Carolina Department of Corrections. ECF No. 80-2 at 1. She states that Defendant Christian was employed from August 18, 2014, until August

4, 2017, at which time he voluntarily resigned. *Id*. She attached his letter of resignation. ECF No. 80-3. Thus, it is clear that Defendant Christian voluntarily resigned from his position with the South Carolina Department of Corrections.

## CONCLUSION

Accordingly, the Court adopts the Report and Recommendation of the Magistrate Judge. Defendants' Motion for Summary Judgment [64] is **DENIED with leave to refile** and this action is **STAYED** pending resolution of Plaintiff's criminal charge in state court. Plaintiff's Motion for Contempt [83] is **DENIED**. This matter is recommitted to the Magistrate Judge for further consideration once the stay is lifted.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

October 15, 2018
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.